UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
VINCINAGE OF CAMDEN

|  |  |
|---|---|
| ERICA SARGENT, SUSAN PEARLSTEIN, ERICA WOODARD, SHANNON GOLDBECK, VALERIE GOULD, THOMAS DICK, SAMANTHA OSWALD, MICHELLE KLAUS, MELISSA TARTAGLIA, MATTHEW PEDRICK, KYLE RINGER, BIANCA BERKOWTIZ, KELSI TRAINOR, BENJAMIN WAKELEE, ROSEMARY BRAWN, JEAN COTTER, ERIN PERRY, SAMANTHA RUDOLPH, BRETT MACMINN, DOROTHY HECK, JADE TUBELLO, JAMES DEGRECIO, MARIAMA SOLOMAHA, SEAN QUINN, NOEL SALVATICO,<br><br>                              Plaintiffs,<br><br>-against-<br><br>A.C.E. RESTAURANT GROUP, INC., d/b/a HOULIHAN'S; CHERRY HILL RESTAURANT, LLC d/b/a HOULIHAN'S; LAWRENCEVILLE RESTAURANT, LLC d/b/a HOULIHAN'S; NEW BRUNSWICK RESTAURANT, LLC d/b/a HOULIHAN'S; WOODBRIDGE RESTAURANT, LLC d/b/a HOULIHAN'S; AND JOHN DOES 1-5 and 6-10,<br><br>                              Defendants. | **Civil Action No. 15-cv-4013 (JHR)(AMD)** |

**MEMORANDUM OF LAW IN SUPPORT OF THE PARTIES'
JOINT MOTION FOR APPROVAL OF THE SETTLEMENT
OF PLAINTIFFS' CLAIMS UNDER THE FAIR LABOR STANDARDS ACT**

COSTELLO & MAINS, P.C.
Deborah L. Mains, Esq.
18000 Horizon Way, Suite 800
Mt. Laurel, NJ 08054
Tel. (856) 727-9700
*Attorneys for Plaintiff*

LIPMAN & PLESUR, LLP
Douglas Weiner, Esq.
500 North Broadway, Suite 105
Jericho, NY 11753-2131
Tel. (516) 931-0050
*Attorneys for Defendants*

**TABLE OF CONTENTS**

I.    STATEMEMENT OF FACTS ........................... **ERROR! BOOKMARK NOT DEFINED.**

II.   THE SETTLEMENT AGREEMENT .................................................................................. 2

III.  ARGUMENT....................................................................................................................... 3

    A.  THE SETTLEMENT SHOULD BE APPROVED AS FAIR AND REASONABLE.............................. 3

        i.   The Settlement Resolves Significant Bona Fide Disputes Between the Parties......... 5
        ii.  The Settlement Is Fair and Reasonable to the Plaintiff-Employees ........................... 7
        iii. The Settlement Does Not Frustrate the Implementation of the FLSA in the
            Workplace ................................................................................................................ 9

    B.  THE ATTORNEYS' FEES ARE REASONABLE AND SHOULD BE APPROVED .......................... 10

IV.   CONCLUSION.................................................................................................................. 11

i

# **TABLE OF AUTHORITIES**

**CASES**

Beckman v. Keybank, N.A.,
   293 F.R.D. 467 (S.D.N.Y. 2013) ........................................................................................ 7

Bettger v. Crossmark, Inc., No.,
   13-2030, 2015 WL 279754, at *3 (M.D.Pa. Jan. 22, 2015) ......................................................... 3

Brumley v. Camin Cargo Control, Inc.,
   Nos. 08-1798, 10-2461 and 09-6128, 2012 WL 1019337, at *1 (D.N.J. Mar. 26, 2012) ....... 3, 4

Cuttic v. Crozer-Chester Med. Ctr.,
   868 F.Supp.2d 464, 466 (E.D.Pa.2012) ............................................................................... 4

Gabrielyan v. S.O. Rose Apartments, LLC,
   No. 15-CV-1771 (CCC-MF), 2015 WL 5853924 at *2 (D.N.J. Oct. 5, 2015) ........................... 4

In re Chickie's & Pete's Wage & Hour Litig.,
   No. 12-6820, 2014 WL 911718, at *2 (E.D.Pa. Mar. 7, 2014) ..................................................... 4

Johnson v. Brennan,
   No. 10 Civ. 4712 (CM), 2011 WL 4357376 (S.D.N.Y. Sept. 16, 2011) .................................... 4

Lynn's Food Stores, Inc. v. United States,
   679 F.2d 1350 (11th Cir. 1982) ........................................................................................ 4, 7

Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco,
   688 F.2d 615, 628 (9th Cir. 1982) ........................................................................................ 6

Pena v. San Miguel Transp., Inc.,
   No. 14 Civ. 1463 (WHP), 2015 WL 1938144, at *1 (S.D.N.Y. Apr. 7, 2015) ........................... 4

Singleton v. First Student Mgmt. LLC,
   No. 13-1744, 2014 WL 3865853, at *8 (D.N.J. Aug. 6, 2014) ................................................ 4

Trinidad v. Pret a Manger (USA) Ltd.,
   No. 12 Civ. 6094 (PAE), 2014 WL 4670870 (S.D.N.Y. Sept. 19, 2014) ................................. 7

**STATUTES**

Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et. seq.* ..................................................... 1

Plaintiffs, Susan Pearlstein, Erica Woodard, Shannon Goldbeck, Valerie Gould, Thomas Dick, Michelle Klaus, Melissa Tartaglia, Matthew Pedrick, Kyle Ringer, Kelsi Trainor, Benjamin Wakelee, Rosemary Brawn, Jean Cotter, Brett MacMinn, Jade Tubello, Mariama Solomaha and Noel Salvatico ("Plaintiffs"), and Defendants A.C.E. Restaurant Group, Inc., d/b/a Houlihan's, Cherry Hill Restaurant, LLC d/b/a Houlihan's, Lawrenceville Restaurant, LLC d/b/a Houlihan's, New Brunswick Restaurant, LLC d/b/a Houlihan's, Woodbridge Restaurant, LLC d/b/a Houlihan's, ("Defendants"), by and through their respective undersigned counsel, hereby jointly move the Court for approval of the parties' settlement of Plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, as fair and reasonable. The terms and conditions of the parties' settlement of the FLSA claims herein are contained in a Settlement Agreement and Release dated January 23, 2018 (the "Settlement Agreement"), a copy of which is attached as Exhibit 1 to the Declaration of Deborah L. Mains, Esq. in support of the instant motion (the "Mains Decl.").

## I.   PRELIMINARY STATEMENT

On June 13, 2015, Plaintiffs brought this action asserting claims against Defendants for alleged unpaid minimum wages in violation of the FLSA. See Dkt. No. 1. (Dkt. No. ___" as used herein refers to the ECF Docket Number for this matter.)  Thereafter, Plaintiffs amended their Complaint three (3) times, filing their First Amended Complaint on July 21, 2015 (See Dkt. No. 19); their Second Amended Complaint on May 31, 2016 (See Dkt. No. 51); and their Third Amended Complaint on October 28, 2016 (See Dkt. No. 70).  On November 9, 2016, Defendants filed their Answer and Affirmative Defenses to the Third Amended Complaint, denying Plaintiffs'

allegations and asserting substantive affirmative defenses. (See Dkt. No. 71).

Plaintiffs allege, *inter alia*, that they worked as Servers and Bartenders at Defendants' restaurant locations and were improperly paid tipped wages because a portion of their tips were distributed to Expeditors through the Defendants' tip pool. Defendants maintain that Plaintiffs were properly paid at the lawful rate for tipped employees pursuant to 29 U.S.C. §§ 203(m) and 206 because it is lawful to distribute tips from a bona fide tip pool to Expeditors.

The parties engaged in motion practice and extensive discovery, including depositions and the exchange of interrogatory responses and documents. After weeks of vigorous adversarial negotiations, the parties now submit this joint motion for approval of the settlement of Plaintiffs' claims under the FLSA and of Plaintiffs' costs and attorneys' fees and for final dismissal of this case with prejudice.

## II.     THE SETTLEMENT AGREEMENT

Plaintiffs have agreed to settle their claims against Defendants for $133,500.00. See Mains Decl. Ex. 1 at ¶ 4. (All citations referenced herein as "Ex. #" refer to the exhibits to the Mains Decl.) This Agreement was reached after the parties engaged in extensive good faith settlement negotiations. The parties recognize the disputed nature of the allegations, and the risks associated with continued litigation, and costs of additional litigation, including a continuation of the discovery process, dispositive motion practice and/or a lengthy and costly trial and potential appeals. The parties have agreed to this settlement after contested arm's-length negotiations.

In the instant matter, Plaintiffs have agreed to settle their claims for an aggregate amount of $93,500.00, allocated in accordance with Exhibit A to the Mains Decl. Plaintiffs' counsel requests approval of $7,000 in costs and $33,000 in fees for a total of $40,000.00 in attorneys' fees

2

and costs, or approximately one-quarter of the total settlement amount of $133,500.00. Plaintiffs have carefully reviewed the Settlement Agreement and have consulted with their attorneys regarding the specific terms and conditions set forth therein, and have executed the settlement, intending to receive the benefits of the Agreement. Plaintiffs and Defendants agree that this settlement is a fair and reasonable resolution of the parties' disputed claims.

### III. ARGUMENT

#### A. The Settlement Should Be Approved As Fair and Reasonable

Although the Third Circuit itself has not yet ruled on the need for judicial approval of FLSA settlement agreements, district courts within this Circuit have held that FLSA claims must have judicial approval to be enforceable. District courts in the Third Circuit have held that FLSA claims can be settled in one of two ways: (1) with the United States Department of Labor supervising the payment of unpaid minimum wages or overtime compensation pursuant to 29 U.S.C. ' 216(c); or (2) with the district court's approval of a settlement under 29 U.S.C. ' 216(b). *See Bredbenner v. Liberty Travel, Inc.*, Nos. 09-905, 09-1248 and 09-4587, 2011 WL 1344745, at *18 (D.N.J. Apr. 8, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Bettger v. Crossmark, Inc.*, No., 13-2030, 2015 WL 279754, at *3 (M.D.Pa. Jan. 22, 2015); *Brumley v. Camin Cargo Control, Inc.*, Nos. 08-1798, 10-2461 and 09-6128, 2012 WL 1019337, at *1 (D.N.J. Mar. 26, 2012).

As to the requirements for settlement approval, district courts in this Circuit have held that the court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley*, 2012 WL 1019337, at *2 (quoting *Lynn's Food*, 679 F.2d at 1354); *see also In re Chickie's & Pete's Wage & Hour Litig.*, No. 12-6820, 2014

3

WL 911718, at *2 (E.D.Pa. Mar. 7, 2014); *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F.Supp.2d 464, 466 (E.D.Pa.2012); *Bredbenner*, 2011 WL 1344745, at *18.

A proposed settlement resolves a "bona fide dispute" when it reflects a reasonable compromise over complex issues such as tip eligibility, duties of employees, allegations of good faith, or computation of back wages that are actually in dispute, rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Chickie's*, 2014 WL 911718, at *2 (quoting *Lynn's Food*, 679 F.2d at 1354). In determining whether a compromise is fair and reasonable, courts in this Circuit consider both: (1) whether the compromise is fair and reasonable to the employee; and (2) whether the compromise otherwise frustrates the implementation of the FLSA. *See Singleton v. First Student Mgmt. LLC*, No. 13-1744, 2014 WL 3865853, at *8 (D.N.J. Aug. 6, 2014); *Chickie's*, 2014 WL 911718, at *2; *Brumley*, 2012 WL 1019337, at *4.

Thus, in determining whether to approve a settlement for FLSA claims, a court must engage in a three-part analysis. First, the court must determine that the settlement concerns a *bona fide* dispute. Second, the court must determine that the settlement is fair and reasonable to the Plaintiff-employee. And, third, the court must determine that the agreement does not frustrate the implementation of the FLSA in the workplace. *Gabrielyan v. S.O. Rose Apartments, LLC*, No. 15-CV-1771 (CCC-MF), 2015 WL 5853924 at *2 (D.N.J. Oct. 5, 2015); *Pena v. San Miguel Transp., Inc.*, No. 14 Civ. 1463 (WHP), 2015 WL 1938144, at *1 (S.D.N.Y. Apr. 7, 2015).

"If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982).

4

### i.    The Settlement Resolves Significant *Bona Fide* Disputes Between the Parties

The parties' factual disputes include the actual duties Expeditors performed on a daily and weekly basis, and the frequency of their direct customer interaction on a weekly basis. Legal disputes include whether the frequency of Expeditors' direct customer interaction was more than "*de minimis*", whether Expeditors are tip-eligible by virtue of their significant role in the stream of service, whether Defendants violations, if any, were "willful", and whether Defendants could demonstrate good faith by relying on the audit findings of the New Jersey Department of Labor that found no violations of applicable law in annual audits conducted in 2014, 2015, 2016 and 2017.

Defendants contend that Expeditors are members of a tip eligible occupation, as defined by the FLSA, 29 U.S.C. §203, and are eligible to share tips from a tip pool with other service employees. Defendants affirmatively assert that a preponderance of the discovery record shows that Expeditors perform more than *de minimis* direct customer service, earn more than $30 a month in tips, and work in an occupation that is regularly and customarily tipped, as defined by §§203(m) and 203(t) of the FLSA. In support of this position, Defendants assert that Expeditors engage in more direct customer service than Bussers or Barbacks, occupations long recognized by federal courts and the United States Department of Labor as tip eligible. Defendants cite an Opinion Letter issued by the Administrator of Wage and Hour, U.S. Dep't of Labor, Wage and Hour Division Opinion Letter, Fair Labor Standards Act (FLSA), 1997 WL 998047 (November 4, 1997) (Barbacks are tip eligible because they have "occasional" customer contact). Defendants further rely on *Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294 (6th Cir.1998) (Employees are tip eligible if they have "more than *de minimis*" customer contact) and *Giuffre v. Marys Lake*

5

*Lodge*, LLC, 2012 WL 5199427 (D. Colo. Sept. 28, 2012) (The duties of Expeditors make them tip eligible). Defendants further dispute Plaintiffs' claims because Defendants assert that Plaintiffs received all earned tips in accordance with the requirements of §203(m) of the FLSA, and were paid direct wages of at least $2.13 an hour as required by the FLSA. A *bona fide* dispute exists because Defendants contend they did not violate the FLSA because Plaintiffs only shared tips with tip eligible employees as defined by §203(m) of the FLSA.

Defendants further contend that assuming, *arguendo*, even if a violation is found, the claims for willful and liquidated damages must be denied because Defendants acted in subjective good faith that is objectively reasonable, pursuant to the FLSA. Defendants produced evidence that the New Jersey Department of Labor (the "NJDOL") conducted annual wage and hour audits of Defendants in 2014, 2015, 2016 and 2017. Each year, the NJDOL determined that Defendants wage and hour policies and practices did not violate the minimum wage, overtime or record keeping requirements of law. A *bona fide* dispute exists because Defendants contend the investigative and administrative findings of the NJDOL are objectively reasonable and Defendants assert they show an objectively reasonable basis to believe their wage and hour practices complied with applicable law.

Defendants further contend that assuming, *arguendo*, even if a violation is found, Plaintiffs' claims for tip credit invalidation must be denied because Defendants restored all "retained" tips to Plaintiffs. In support of their position Defendants cite an Opinion Letter issued by the Administrator of Wage and Hour which states that where "retained" tips have been "restored", the tip credit is validated and employees have not suffered any compensable loss. U.S. Dep't of Labor, Wage and Hour Division Opinion Letter, Fair Labor Standards Act (FLSA), 1978

6

WL 51435 (November 22, 1978) (The employer may take a valid tip credit when "retained" tips are "restored").

Further, Defendants contend that assuming *arguendo* even if a violation is found in certain isolated work weeks, the vast majority of Plaintiffs' claims must be denied because Plaintiffs cannot show by a preponderance of evidence that violations, if any, existed in all work weeks and restaurant locations, as alleged. Defendants assert that pursuant to the FLSA, each work week stands alone and tip eligibility is determined by employees' duties performed on a work week basis. *See* Opinion Letter, U.S. Dep't of Labor, Wage and Hour Division Opinion Letter, Fair Labor Standards Act (FLSA), 1997 WL 998047 (November 4, 1997). (Tip eligibility is determined by employees' duties considered over the entire work week); see also *Islam v. BYO Co. (USA)*, No. 16 CIV. 927 (PGG), 2017 WL 2693717, at *7–8 (S.D.N.Y. June 20, 2017)

> ("an employer is permitted to apply the tip credit to a tipped employee's time spent in duties related to the tipped occupation—even though such duties are not by themselves directed toward producing tips—as long as the non-tipped duties do not represent more than twenty percent of an employee's workweek . . . [Here] the work of polishers and expeditors is closely related to the work of "front-of-house" personnel . . . expeditors "serv[e] as a liaison between the kitchen staff and Runners responsible for making sure food [is] plated correctly and at the right temperatures based on customer orders." . . . Accordingly, employees performing the work of expeditors and polishers perform preparatory activities closely related to the tipped work of bussers and runners.")

Defendants contend that when duties over an entire work week are considered, Expeditors qualify as tip eligible pursuant to Section 203(m) of the FLSA.

### ii. The Settlement Is Fair and Reasonable to the Plaintiff-Employee

The settlement is fair considering the range of possible recovery and the seriousness of the

7

litigation risks. Defendants' claim, and have adduced documents and deposition evidence, that Plaintiffs were at all times properly paid and are owed nothing because Expeditors are eligible to receive tips from the Defendants' tip pool under the FLSA and thus, no violation occurred.

Plaintiffs' counsel estimates that if Plaintiffs were successful on all of their claims, Plaintiffs would be entitled to nearly $300,000.00 in minimum wage compensation. This sum was arrived at by calculating the "tip credit" rate of $5.12 for all hours Plaintiffs worked during the period from June 2012 through May 2015. Mains Decl. at ¶ 6.

It is conceivable that Plaintiff could be entitled to liquidated damages of nearly $300,000.00, or 100% of the wage claims, under the FLSA. However, these figures of course assume complete success on all disputed claims, and litigation is fraught with risk and uncertainty, particularly where Defendants have asserted and adduced evidence to support substantial affirmative defenses.

While Plaintiffs were and remain confident that they would ultimately prevail on their claims, the risk to Plaintiffs recovering nothing if Defendants prevailed on their affirmative defenses appears to be a real and serious concern. *Id*. at ¶ 7. This settlement, on the other hand, guarantees a good monetary outcome for Plaintiffs, and provides that full payment will be made within thirty (30) days after court approval. "It is well settled that a cash settlement amounting to only a fraction of the potential recovery will not *per se* render the settlement inadequate or unfair." *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982).

Here, the Plaintiffs' recovery is fair given the disputed nature of the facts and law. The Defendants vigorously dispute Plaintiffs' factual claims involving the duties of Expeditors and affirmatively assert that Expeditors regularly had more than *de minimis* direct service customer

8

interaction.

In addition to the issues in dispute in this case, which presented risks and uncertainties to both Defendants and to Plaintiffs, the parties are also mindful of the inherent cost of continued litigation. Mains Decl. at ¶ 10. In light of the unpredictability inherent in litigation, the potential defenses that Defendants have asserted, and the range of possible recovery, the proposed settlement reflects a fair and reasonable compromise over contested issues.

### iii. The Settlement Does Not Frustrate the Implementation of the FLSA in the Workplace

The proposed settlement is the product of extensive arms-length negotiations between the parties following a meaningful exchange of relevant information. The fact that this case was aggressively and extensively prosecuted, and Plaintiffs' counsel is experienced in wage-and-hour matters, eliminates any danger of fraud or collusion.

The Settlement Agreement provides that Defendants will pay a total of $133,500.00 to resolve Plaintiffs' claims, $40,000.00, or less than one-third of which will go to Plaintiffs' counsel as reimbursement of costs and attorneys' fees. Defendants are required to pay the full amount of $133,500.00 no later than thirty (30) days after court approval of the settlement.

Accordingly, the parties' arm's-length bargaining following a contested litigation allows Plaintiffs to be compensated immediately without incurring further delay or substantial litigation costs, which would have likely involved costly summary judgment motion practice, as well as the other expenses associated with trial. Mains Decl. at ¶ 10. Further, the aggressive manner in which this matter was prosecuted and resolved, after more than two (2) years of litigation, demonstrates that this settlement is the product of an adversarial negotiation between counsels for the parties. There has been no fraud or collusion, and the settlement represents a fair compromise of disputed facts and law that enables the parties to avoid the burden, expense, risk and uncertainty of

9

continued litigation in favor of an immediate known result. These are factors that weigh heavily in favor of finding that the FLSA is not being frustrated in the workplace and that the settlement is fair and reasonable. "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Beckman v. Keybank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54 (11th Cir. 1982). Here, the proposed Settlement Agreement is a reasonable compromise of *bona fide* disputes of fact and law, is fair and reasonable to the Plaintiff-employees and does not frustrate the implementation of the FLSA in the workplace. For these reasons, the parties jointly move and respectfully request the Court to approve their proposed Settlement Agreement.

**B.** **The Attorneys' Fees Are Reasonable and Should Be Approved**

Plaintiffs' counsel's fee request pursuant to the FLSA Settlement is $33,000 or approximately 25% of the recovery. Under the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff ... allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Percentage of recovery is the prevailing method used by courts in the Third Circuit for wage and hour cases. *Keller v. TD Bank*, No. 12–5054, 2014 WL 5591033, at *14 (E.D. Pa. Nov. 4, 2014). Courts in this Circuit have routinely granted fee requests of up to one-third of a settlement amount as fair and reasonable. *Brumley v. Camin Cargo Control, Inc.*, No. CIV.A. 08-1798 JLL, 2012 WL 1019337, at *9 (D.N.J. Mar. 26, 2012); *Lyons v. Gerhards Inc.*, No. 14–06693, 2015 WL 4378514, at *5 (E.D. Pa. July 16, 2015) (approving attorneys' fees amounting to 44% of the total settlement amount, despite it being "on the higher side," where counsel reviewed approximately 12,000 pages of documents and conducted a deposition); *Mabry v. Tina Hildebrandt*, No. 14–5525, 2015 WL 5025810, at *4 (E.D. Pa. August 24, 2015)

10

(approving 40% for a private settlement where "counsel worked for seventy-five hours on this case and counsel propounded three (3) sets of Interrogatories; two (2) sets of Document Requests; one (1) set of Requests for Admission; and drafted a deficiency letter" (internal quotation marks omitted)).

Here, considering the amount of time expended and the degree of skill required to prosecute this case, the Plaintiffs' attorneys' fee request is fair and reasonable.  It also reflects a reasonable portion of the settlement sum.  Plaintiffs' counsel engaged in extensive fact-finding, communications, motion practice, written discovery, depositions and settlement negotiations with Defendants' counsel.  Plaintiffs' incurred filing and deposition transcript expenses of $7,000.00, and fees of $33,000.00 for a total cost and fee request of $40,000.00.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiffs and Defendants jointly move and respectfully request the Court to approve the Settlement Agreement as fair and reasonable in all respects, and to dismiss this action with prejudice in accordance with the Proposed Order submitted by the parties.

Dated: Jericho, New York
       January 23, 2018            Respectfully submitted,

                                        COSTELLO & MAINS, P.C.

                                        */s/* <u>Deborah L. Mains</u>
                                        Deborah L. Mains, Esq.
                                        18000 Horizon Way, Suite 800
                                        Mt. Laurel, New Jersey 08054

                                        *Attorneys for Plaintiffs*

LIPMAN & PLESUR, LLP

*/s/* <u>Douglas Weiner</u>
Douglas Weiner, Esq.
500 North Broadway, Suite 105
Jericho, NY  11753
Telephone:  (516) 931-0050

*Attorneys for Defendants*

12