UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ERICA SARGENT, SUSAN PEARLSTEIN,
ERICA WOODARD, SHANNON GOLDBECK,
VALERIE GOULD, THOMAS DICK,
SAMANTHA OSWALD, MICHELLE KLAUS,
MELISSA TARTAGLIA, MATTHEW
PEDRICK, KYLE RINGER, BIANCA
BERKOWTIZ, KELSI TRAINOR, BENJAMIN
WAKELEE, ROSEMARY BRAWN, JEAN
COTTER, ERIN PERRY, SAMANTHA
RUDOLPH, BRETT MACMINN, DOROTHY
HECK, JADE TUBELLO, JAMES DEGRECIO,
MARIAMA SOLOMAHAH, SEAN QUINN,
NOEL SALVATICO,

      Plaintiffs,

  v.

A.C.E. RESTAURANT GROUP, INC., d/b/a
HOULIHAN'S; CHERRY HILL
RESTAURANT, LLC d/b/a HOULIHAN'S;
LAWRENCEVILLE RESTAURANT, LLC
d/b/a HOULIHAN'S; NEW BRUNSWICK
RESTAURANT, LLC d/b/a HOULIHAN'S;
WOODBRIDGE RESTAURANT, LLC d/b/a
HOULIHAN'S; AND JOHN DOES 1-5 and 6-
10,

      Defendants.

Civil Action No. 15-4013

Hon. Joseph H. Rodriguez

ORDER

This matter having come before the Court on the parties' joint motion for approval of their settlement agreement pursuant to the Fair Labor Standards Act by Deborah L. Mains, appearing on behalf of the Plaintiffs, Susan Pearlstein, Erica Woodard, Shannon Goldbeck, Valerie Gould, Thomas Dick, Michelle Klaus, Melissa Tartaglia, Matthew Pedrick, Kyle Ringer, Kelsi Trainor, Benjamin Wakelee, Rosemary Brawn, Jean Cotter, Brett MacMinn, Jade Tubello, Mariama Solomaha and Noel Salvatico, and Douglas Weiner, appearing on behalf of Defendants A.C.E. Restaurant Group, Inc., d/b/a Houlihan's, Cherry Hill Restaurant, LLC  d/b/a Houlihan's, Lawrenceville Restaurant, LLC d/b/a

Houlihan's, New Brunswick Restaurant, LLC d/b/a Houlihan's, Woodbridge Restaurant, LLC d/b/a Houlihan's, and the Court having considered the motion and supporting papers submitted herein, this matter being decided under Fed. R. Civ. P. 78(b); and

WHEREAS, Plaintiffs' Third Amended Complaint (the "Litigation") alleges that Defendants violated the minimum wage provisions of the Fair Labor Standards Act (the "FLSA") by allowing Expeditors to share tips from Defendants' tip pool. Plaintiffs claim that Expeditors do not engage in substantial customer service and are thus ineligible to share tips from a tip pool with Bussers, Servers and Bartenders. Plaintiffs claim that distributing tips to Expeditors invalidated Defendants' tip credit, and thus claim they are due $5.12 for each hour they worked since June 2012. Plaintiffs claim this violation was willful, and seek liquidated damages; and

WHEREAS, Plaintiffs' have conducted extensive litigation, an investigation and evaluation of the facts and law relating to their claims in order to determine how best to serve their interests. Plaintiffs, after consultation with experienced and skilled counsel considering the benefits of settlement against the costs, risks and delay of continued litigation, have unanimously decided the terms of the Proposed Order are in the best interest of all the Plaintiffs and represents a fair, reasonable and adequate resolution of the Litigation; and

WHEREAS, Defendants deny the allegations that Expeditors are not members of a tip eligible occupation, deny any liability for violations of the FLSA, 29 U.S.C. Sections 203 or 206, and deny any damages are owed to the Plaintiffs whatsoever. Defendants assert that Expeditors are lawfully tipped employees as defined by the FLSA who are eligible to share tips from a tip pool with other service employees. Defendants affirmatively assert that a preponderance of the

discovery record shows that Expeditors perform more than de minimis direct customer service, earn more than $30 a month in tips, and work in an occupation that is regularly and customarily tipped, as defined by §§203(m) and 203(t) of the FLSA. In support of their position, Defendants have demonstrated through the discovery record that Expeditors engage in more direct customer service than Bussers or Barbacks, occupations recognized by federal courts and the United States Department of Labor as tip eligible. Defendants cite an Opinion Letter issued by the Administrator of Wage and Hour, U.S. Dep't of Labor, Wage and Hour Division Opinion Letter, Fair Labor Standards Act (FLSA), 1997 WL 998047 (November 4, 1997) (Barbacks are tip eligible because they have "occasional" customer contact). Defendants further rely on Kilgore v. Outback Steakhouse of Florida, Inc., 160 F.3d 294 (6th Cir. 1998) (Employees are tip eligible if they have "more than de minimis" customer contact) and Giuffre v. Marys Lake Lodge, LLC, 2012 WL 5199427 (D. Colo. Sept. 28, 2012) (The duties of Expeditors make them tip eligible). Defendants further dispute Plaintiffs' claims because Defendants assert that Plaintiffs received all earned tips in accordance with the requirements of §203(m) of the FLSA, and were paid direct wages of at least $2.13 an hour as required by the FLSA. Defendants contend they did not violate the FLSA because Plaintiffs only shared tips with tip eligible employees pursuant to §203(m) of the FLSA; and

WHEREAS, Defendants contend that assuming, arguendo, even if a violation is found, the claims of willful and liquidated damages must be denied because Defendants acted in subjective good faith that is objectively reasonable, pursuant to the FLSA. Defendants produced evidence that the New Jersey Department of Labor (the "NJDOL") conducted four annual wage and hour audits of Defendants during the relevant period. Each audit in each year, the NJDOL

determined that Defendants wage and hour policies and practices did not violate the minimum wage, overtime or record keeping requirements of law. The investigative and administrative findings of the NJDOL are objectively reasonable and Defendants assert they show an objectively reasonable basis to believe their wage and hour practices complied with applicable law; and

WHEREAS Defendants contend that assuming, arguendo, even if a violation is found, Plaintiffs' claims for tip credit invalidation must be denied because Defendants restored all "retained" tips to Plaintiffs. In support of their position Defendants cite an Opinion Letter issued by the Administrator of Wage and Hour which states that where "retained" tips have been "restored", the tip credit is validated and employees have not suffered any compensable loss. U.S. Dep't of Labor, Wage and Hour Division Opinion Letter, Fair Labor Standards Act (FLSA), 1978 WL 51435 (November 22, 1978) (The employer may take a valid tip credit when "retained" tips are "restored"); and

WHEREAS, Defendants contend that assuming arguendo even if a violation is found, the vast majority of Plaintiffs' claims must be denied because Plaintiffs cannot show by a preponderance of evidence that violations, if any, existed in all work weeks and restaurant locations, as alleged. Defendants assert that pursuant to the FLSA, each work week stands alone and tip eligibility is determined by employees' duties performed on a work week basis. See Opinion Letter, U.S. Dep't of Labor, Wage and Hour Division Opinion Letter, Fair Labor Standards Act (FLSA), 1997 WL 998047 (November 4, 1997). (Tip eligibility is determined by employees' duties considered over the entire work week). Defendants contend that when duties over an entire work week are considered, Expeditors qualify as tip eligible pursuant to Section 203(m) of the FLSA ; and

WHEREAS, the Defendants, having conducted extensive discovery and

depositions of all seventeen (17) Plaintiffs, recognize the outcome in any litigation is uncertain, and achieving a final result through continued litigation is inherently uncertain and requires additional substantial expense, and without admitting or conceding any liability or damages, Defendants have agreed to settle this matter on the terms and conditions set forth in the Settlement Agreement: and

WHEREAS, this Court must review an FLSA settlement for fairness. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982); see also Morales v. PepsiCo, Inc., No. 11–6275, 2012 WL 870752, at *1 (D.N.J. Mar. 14, 2012) ("Although the Third Circuit has not addressed whether [FSLA] actions claiming unpaid wages may be settled privately without first obtaining court approval, district courts within the Third Circuit have followed the majority position and assumed that judicial approval is necessary"); Bettger v. Crossmark, Inc., No. 13– 2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015) ("[A] district court may enter a stipulated judgment if it determines that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions'); Rabbenou v. Dayan Foods, Ltd., No. 17–1330, 2017 WL 3315263, at *1 (D.N.J. Aug. 3, 2017); and

WHEREAS, this Court has reviewed the motion papers submitted, along with Exhibits, thereto;

THIS COURT FINDS that based on the record, the terms and conditions of the settlement, and the applicable law, the Settlement Agreement reflects a fair and reasonable resolution of a bona fide dispute of Plaintiff's FLSA claims. The Court is also mindful of the strong presumption in favor of settlement. See Farris v. J.C. Penney Co., 176 F.3d 706, 711 (3d Cir. 1999). First, the Settlement Agreement resolves a bona fide dispute as to whether Plaintiffs have any FLSA wage claims whatsoever as Defendants maintain that Expeditors belong in the tip

pool based on the more than de minimis direct interactions they have with customers. Second, the Settlement Agreement is fair and reasonable to Plaintiffs in that they will receive a settlement based on a return of the amount of tip monies received by Expeditors. Based on existing case law and Department of Labor opinion letters, this is an appropriate remedy for allegations that Expeditors did not belong in the tip pool. U.S. Dep't of Labor, Wage and Hour Division Opinion Letter, Fair Labor Standards Act (FLSA), 1978 WL 51435 (November 22, 1978) (The employer may take a valid tip credit when "retained" tips are "restored");

FINALLY, THIS COURT finds that the attorneys' fees in this case to be fair and reasonable and reflects a reasonable portion of the settlement sum. Plaintiffs' counsel's fee request pursuant to the FLSA Settlement is $33,000 or approximately 25% of the recovery. Under the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff ... allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Percentage of recovery is the prevailing method used by courts in the Third Circuit for wage and hour cases. Keller v. TD Bank, No. 12–5054, 2014 WL 5591033, at *14 (E.D. Pa. Nov. 4, 2014). Courts in this Circuit have routinely granted fee requests of up to one-third of a settlement amount as fair and reasonable. Brumley v. Camin Cargo Control, Inc., No. CIV.A. 08-1798 JLL, 2012 WL 1019337, at *9 (D.N.J. Mar. 26, 2012); Lyons v. Gerhards Inc., No. 14–06693, 2015 WL 4378514, at *5 (E.D. Pa. July 16, 2015) (approving attorneys' fees amounting to 44% of the total settlement amount, despite it being "on the higher side," where counsel reviewed approximately 12,000 pages of documents and conducted a deposition); Mabry v. Tina Hildebrandt, No. 14–5525, 2015 WL 5025810, at *4 (E.D. Pa. August 24, 2015) (approving 40% for a private settlement where "counsel worked for seventy-five hours on this case and counsel propounded three (3) sets of Interrogatories;

two (2) sets of Document Requests; one (1) set of Requests for Admission; and drafted a deficiency letter" (internal quotation marks omitted)). Based on the record and Plaintiffs' counsel's Declaration, this Court finds the attorneys' fees request of $33,000 and $7,000 in costs to be fair and reasonable and is therefore approved; therefore,

IT IS on this 8th day of March, 2018 hereby

ORDERED that the parties' joint motion for approval of the parties' settlement and for dismissal of this action with prejudice is GRANTED; and it is further

ORDERED that the Settlement Agreement jointly submitted by the parties is hereby approved.

_____
HON. JOSEPH H. RODRIGUEZ,
United States District Judge